David L. Mortensen (#8242)
   Email: *dlmortensen@stoel.com*
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131
Facsimile: (801) 578-6999

David A. Owen (Admitted *Pro Hac Vice*)
   Email: *DOwen@bgdlegal.com*
Matthew A. Stinnett (Admitted *Pro Hac Vice*)
   Email: *MStinnett@bgdlegal.com*
Emma R. Wolfe (Admitted *Pro Hac Vice*)
   Email: *EWolfe@bgdlegal.com*
BINGHAM GREENEBAUM DOLL LLP
300 West Vine Street, Suite 1100
Lexington, Kentucky  40507
Telephone:  (859) 288-4684
Facsimile: (859) 255-2742

*Attorneys for Plaintiff and Counter Defendant*
*Global Fitness Holdings, LLC d/b/a Urban Active*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DISTRICT**

| | |
|---|---|
| GLOBAL FITNESS HOLDINGS, LLC,<br><br>         Plaintiff and Counter<br>         Defendant,<br><br>     v.<br><br>FEDERAL RECOVERY ACCEPTANCE, INC.,<br><br>         Defendant and<br>         Counterclaimant,<br><br>FEDERAL RECOVERY SERVICES, INC.,<br><br>         Defendant. | **GLOBAL FITNESS, LLC'S MOTION FOR VOLUNTARY DISMISSAL OF ITS BREACH OF CONTRACT CLAIM AGAINST FEDERAL RECOVERY ACCEPTANCE, INC. AS IT RELATES TO THE TRANSFER OF DATA**<br><br>Case No.:  2:13-cv-00204-DN<br><br><br>The Honorable David Nuffer |

77032973.1 0048587-00001

Pursuant to Federal Rules of Civil Procedure 7(b) and 41(a)(2) as well as DUCivR 7-1, Plaintiff Global Fitness Holdings, LLC (d/b/a Urban Active) ("Global Fitness") moves the Court for voluntary dismissal, with prejudice, of Global Fitness's claim for breach of contract to the extent that claim arises from Defendant Federal Recovery Acceptance, Inc.'s (d/b/a Paramount Acceptance) ("Paramount") failure to transfer Global Fitness's member accounts data as expressed in Count IV, ¶ 64 of the Amended Complaint (D.E. # 71).  This motion does not seek to dismiss any of the other basis for Global Fitness's breach of contract claim.  Because it does not prejudice Paramount, the Court should grant Global Fitness's Dismissal.

## I.   ARGUMENT

Having completed discovery, Global Fitness recognizes that, to the extent its breach of contract claim arises from Paramount's failure to transfer the member accounts data, its claim should be dismissed with prejudice.  Global Fitness still maintains the other aspects of its breach of contract claim against Paramount, including its claim for Paramount's failure to return the nearly $500,000 in withheld funds[1] and the claims related to Paramount's breach of the implied covenant of good faith and fair dealing.[2]  Global Fitness sought an agreed order of dismissal from Paramount pursuant to Rule 41(a)(1)(a)(ii), but Defendants opposed such an agreement stating that "[i]t doesn't make sense to [Paramount] at this time ... ."[3]  Accordingly, Global Fitness seeks a voluntary dismissal pursuant to Rule 41(a)(2).

---

[1] D.E. #71, Count IV, ¶¶ 61-63, 65-66.

[2] D.E. #71, Count V, ¶¶ 67-73.

[3] E-mail from Paramount's counsel to Global Fitness's counsel, et al. (Aug. 28, 2014), a copy of this e-mail is attached as Exhibit A.

"Absent legal prejudice to the defendant, the district court normally should grant . . . a [Rule 41(a)(2) voluntary] dismissal."[4] When ruling on a motion for voluntary dismissal, a court should endeavor to ensure that substantial justice is accorded to both parties, including the plaintiff.[5] In most cases, this analysis will result in the court granting the motion.[6] Given that Paramount will not suffer legal prejudice from the dismissal of this claim, the Court should grant Global Fitness's Dismissal.

Dismissal is appropriate because the contracts between Paramount and Global Fitness do not include an express provision governing the rights of the parties related to the management of Global Fitness's data.[7] The agreements do not govern, discuss or even reference the data, much less when or how that data should be transferred. With the understanding that it has no provision to base its express breach of contract claim for the failure to return its data on, Global Fitness asks the Court to dismiss this basis for its breach of contract claim.

Paramount is not and will not be prejudiced by this dismissal. Defendants' refusal to transfer the member accounts data remains relevant to and intertwined with a number of Global Fitness's other claims, including tortious interference, promissory estoppel, conversion, and the breach of the implied covenant of good faith and fair dealing. Consequently, all discovery conducted by the parties on this issue will still be relevant and utilized in relation to Global Fitness's other claims. In short, Paramount will benefit by no longer having to defend against

---

[4] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[5] *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (citations omitted).

[6] *Id.*

[7] A copy of one of the contracts between the parties is attached as Exhibit B.

this claim, but will not be prejudiced in any way.  Thus, the Court should grant Global Fitness's Dismissal.[8]

## II.    CONCLUSION

For the foregoing reasons, the Court should grant Global Fitness's motion for voluntary dismissal of its breach of contract claim to the extent that claim arises from  Paramount's failure to transfer Global Fitness's member accounts data as expressed in Count IV, ¶ 64 of the Amended Complaint (D.E. # 71).

DATED: September 4, 2014

STOEL RIVES LLP

*/s/ David L. Mortensen*
David L. Mortensen

David A. Owen
Matthew A. Stinnett
Emma R.  Wolfe
BINGHAM GREENEBAUM DOLL LLP

Attorneys for Global Fitness Holdings, LLC d/b/a Urban Active

---

[8] *See, e.g., County of Santa Fe*, 311 F.3d at 1049; *see also, e.g., Ohlander,* 114 F.3d at 1537.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2014, I caused a true and correct copy of the foregoing **GLOBAL FITNESS, LLC'S MOTION FOR VOLUNTARY DISMISSAL OF ITS BREACH OF CONTRACT CLAIM AGAINST FEDERAL RECOVERY ACCEPTANCE, INC. AS IT RELATES TO THE TRANSFER OF DATA** to be served via CM/ECF on the following:

> Rod N. Andreason
> randreason@kmclaw.com
> Adam M. Kaas
> akaas@kmclaw.com
> Joshua Rupp
> jrupp@kmclaw.com
> KIRTON & MCCONKIE
> P.O./ Box 45120
> Salt Lake City, UT  84145-0120

*/s/ David L. Mortensen*

15546296_3.docx