IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FITNESS HOLDINGS, LLC,<br><br>      Plaintiff,<br>v.<br><br>FEDERAL RECOVERY ACCEPTANCE, INC. and FEDERAL RECOVERY SERVICES, INC.<br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:13-cv-00204-DN<br><br>District Judge David Nuffer |

Plaintiff Global Fitness Holdings, LLC ("Global") filed this suit in October 2012 against Federal Recovery Acceptance, Inc. and Federal Recovery Services, Inc., two related entities (collectively "Federal Recovery"). Global brought claims for tortious interference,[1] promissory estoppel,[2] conversion,[3] breach of contract,[4] and breach of the covenant of good faith and fair dealing.[5] All the claims arise out of the alleged refusal of Paramount, Federal Recovery's subsidiary, to cooperate with Global when Global was acquired by L.A. Fitness,[6] a non-party to this litigation. Paramount provided the billing services for Global's large membership base.

In the Global–L.A. Fitness sale, Global was to transfer customer data to L.A. Fitness,[7] but Global claims Federal Recovery wrongfully withheld the data pending Global's payment of

---

[1] Global Fitness Holding, LLC's Amended Complaint ("Amended Complaint") at ¶¶ 38–45, docket no. 71, filed March 19, 2014.

[2] *Id.* ¶¶ 46–52.

[3] *Id.* ¶¶ 53–60.

[4] *Id.* ¶¶ 61–66.

[5] *Id.* ¶¶ 67–73.

[6] *See generally id.*

[7] Asset Purchase Agreement ("APA") § 2.1(f), docket no. 152-2 at 25.

termination fees to Federal Recovery.[8] Global also alleges Federal Recovery withheld over $500,000 in funds owed to Global.[9] Federal Recovery denies wrongdoing in withholding the data and funds, and has now filed several motions for summary judgment on all of Global's claims,[10] including the claim that Global now seeks to voluntarily dismiss.[11]

With the summary judgment motions now fully briefed, and with discovery now completed, Global filed this motion to voluntarily dismiss its breach of contract claim, *only as it relates to the transfer of data*, with prejudice.[12] Federal Recovery has opposed Global's voluntary dismissal motion on several grounds.[13] For the reasons below, Global's Motion for Voluntary Dismissal of its Breach of Contract Claim as it Relates to the Transfer of Data is GRANTED.

## OVERVIEW OF MOTION

After Federal Recovery refused to agree to a stipulated order of dismissal of a portion of Global's breach of contract claim,[14] Global moved for voluntary dismissal with prejudice

---

[8] Amended Complaint ¶¶ 64–65.

[9] *Id.* ¶¶ 61–63, 65–66.

[10] Defendants' Motion for Partial Summary Judgment on Global's Promissory Estoppel Claim, docket no. 106, filed Aug. 4, 2014; Defendants' Motion for Partial Summary Judgment RE Plaintiff's Conversion Claim and Supporting Memorandum, docket no. 108, filed Aug. 4, 2014; Defendants' Motion for Partial Summary Judgment RE: Global's Breach of Contract and Breach of the Implied Covenant Claims and Memorandum in Support Thereof ("Breach Motion"), docket no. 111, filed Aug. 4, 2014; Defendants' Motion for Partial Summary Judgment on Global's Tortious Interference Claim, docket no. 120, filed under seal Aug. 4, 2014; and Defendants' Motion for Partial Summary Judgment RE: Global's Tortious Interference Claim for Lack of Causation and Memorandum in Support Thereof, docket no. 121, filed under seal Aug. 4, 2014.

[11] Global Fitness, LLC's Motion for Voluntary Dismissal of its Breach of Contract Claim Against Federal Recovery Acceptance, Inc. as it Relates to the Transfer of Data, docket no. 132, filed Sept. 4, 2014 ("Motion for Voluntary Dismissal").

[12] *Id.*

[13] Federal Recovery's Memorandum in Response to Global Fitness, LLC's Motion for Voluntary Dismissal of its Breach of Contract Claim Against Federal Recovery Acceptance, Inc. as it Relates to the Transfer of Data, docket no. 167, filed Sept. 22, 2014 ("Response Memorandum").

[14] Motion for Voluntary Dismissal at 2.

pursuant to Federal Rule of Civil Procedure 41(a)(2)[15] Global principally argues that because there will be no "legal prejudice" to Federal Recovery, the motion should be granted.[16] Global acknowledges that it cannot make a breach of contract claim regarding the data transfer because the contract "do[es] not govern, discuss or even reference the data, much less when or how that data should be transferred."[17] Global further argues dismissal with prejudice would benefit Federal Recovery.[18]

In its Response Memorandum, Federal Recovery argues that it will suffer prejudice if the claim is dismissed, and that the court should instead grant its Motion for Partial Summary Judgment[19] on the breach of contract claims.[20] Federal Recovery points to the expense of "considerable resources and time" in preparing its several motions for partial summary judgment, each of which "make[s] at least some use of Global's allegations . . . that Paramount breached the parties' Contracts . . . ."[21] Because each of those issues is now fully briefed, Federal Recovery argues that granting Global's voluntary dismissal "will only serve to confuse the issues" already before the court.[22] Federal Recovery also argues that it is prejudiced because it will not be entitled to attorney's fees for the claim that is dismissed.[23] However, Federal Recovery never requested an award of attorney's fees in its motion and filings related to the

---

[15] Motion for Voluntary Dismissal at 2.

[16] *Id.* at 3.

[17] *Id.*

[18] *Id.* at 3–4.

[19] *See generally* Breach Motion.

[20] Response Memorandum at 5–7, 3–4.

[21] *Id.* at 5.

[22] *Id.*

[23] *Id.* at 6.

breach claim, even though Global sought fees in its breach claim.[24] The remainder of Federal Recovery's arguments follow the Tenth Circuit's multi-factor test for determining legal prejudice in Rule 41(a)(2) motions.[25] Federal Recovery argues that Global's excessive delay,[26] insufficient reasoning for dismissal,[27] and the late stage of the proceedings warrants denial of the motion.[28]

## DISCUSSION

### I. Legal Standard Governing Rule 41(a)(2) Motions to Voluntarily Dismiss With Prejudice

When considering a Rule 41(a)(2) motion for voluntary dismissal, "the important aspect is whether the opposing party will suffer prejudice in light of the valid interests of the parties. It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal."[29] For denial to be appropriate, the nonmovant must demonstrate sufficient "legal prejudice" as determined using the Tenth Circuit's four-factor analysis in *Ohlander v. Larson*.[30] Under *Ohlander*, the court must consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of

---

[24] *See* Defendants' Motion for Partial Summary Judgment RE: Global's Breach of Contract and Breach of the Implied Covenant Claims, at 21, docket no. 111, filed Aug. 4, 2014; Global Fitness Holdings, LLC's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment RE: Global's Breach of Contract and Breach of the Implied Covenant Claims, at 38–39, docket no. 143, filed Sep. 4, 2014; Reply Memorandum in Support of Defendants' Motion for Partial Summary Judgment RE: Global's Breach of Contract and Breach of the Implied Covenant Claims, docket no. 168, filed Sept. 22, 2014.

[25] *See Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1048 (10th Cir. 2002).

[26] *Id.* at 7–8.

[27] *Id.* at 8–11.

[28] *Id.* at 11–13. Federal Recovery also argues that Global's Motion came *after* it had filed for summary judgment. *Id.* at 12. This is immaterial because Rule 41(a)(2) motions are, by their very nature, filed after summary judgment motions have been filed on a given claim. *See* Fed. R. Civ. P. 41(a)(1)–(2).

[29] *Cty. of Santa Fe*, 311 F.3d at 1047 (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (internal quotations omitted)).

[30] 114 F.3d 1531 (10th. Cir. 1997); *see Fidelity and Deposit Co. of Md. v. D.M. Ward Const. Co., Inc.*, 2009 WL 635124 at *3 (D. Kan. Mar. 10, 2009) (holding that nonmovant had "met its burden of showing legal prejudice"); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (noting that a district court should grant a Rule 41(a)(2) motion "unless a defendant can show that it will suffer some plain legal prejudice as a result").

litigation."[31] Each factor should be considered, and none is dispositive.[32] Ultimately, it is within the district court's discretion to grant or deny a Rule 41(a)(2) motion,[33] but "[t]he district court should endeavor to insure substantial justice is accorded to both parties."[34]

It is not enough for denial of a Rule 41(a)(2) motion that a plaintiff simply seeks to gain a tactical advantage in moving to voluntarily dismiss.[35] Furthermore, while there is no rule *requiring* a voluntary motion to dismiss with prejudice to be granted,[36] only "rare circumstance[s]" warrant denial of such a motion, such as when "other parties to the litigation" will be adversely affected by dismissal.[37]

## II. Federal Recovery Has Not Shown Sufficient Legal Prejudice to Warrant Denial of Global's Motion for Voluntary Dismissal.

While Federal Recovery is able to demonstrate some prejudice under the four factors from *Ohlander*, it does not sufficiently rise to the level of the "rare circumstances" in which a motion to voluntarily dismiss with prejudice is denied.

The court must first consider "the opposing party's effort and expense in preparing for trial."[38] Federal Recovery argues that it has expended "considerable resources and time" in preparing its several motions for partial summary judgment, each of which "make[s] at least some use of Global's allegations . . . that Paramount breached the parties' Contracts . . . ."[39] This

---

[31] *Ohlander*, 114 F.3d at 1537.

[32] *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

[33] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

[34] *Cty. of Santa Fe*, 311 F.3d at 1048 (quotations omitted).

[35] *Nunez v. IBP, Inc.*, 163 F.R.D. 356, 358 (D. Kan. 1995); *see also The SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2684537 at *7 (D. Utah Sept. 7, 2007).

[36] *Cty. of Santa Fe*, 311 F.3d at 1048.

[37] *Id.* at 1049 (holding that dismissal's adverse effect on intervenor warrants denial of Rule 41(a)(2) motion).

[38] *Ohlander*, 114 F.3d at 1537.

[39] Response Memorandum at 5.

5

is a valid concern given that attorney's fees are unavailable to Federal Recovery on this motion because Global proposes a dismissal with prejudice.[40] But Federal Recovery's effort and expense is not wasted if Global's present motion is granted. Federal Recovery's pending motions for partial summary judgment[41] lose no value if a portion of Global's breach of contract claim is dismissed because, as Global argues, this court "will still determine whether the contract provides a defense for Paramount's behavior or serves as the basis for [Paramount's] Counterclaim" even with the present portion of the breach claim dismissed.[42] Further, Global only seeks to dismiss the breach of contract *as to the transfer of the data*, not the whole claim.[43] As a result, the "significant expense" factor does little to aid Federal Recovery's prejudice argument.[44]

    The court must next consider whether there was "excessive delay and lack of diligence on the part of the movant."[45] This second factor is also largely unhelpful to Federal Recovery. While Global's decision to drop a central claim in its case comes after motion briefing, Global has been "diligent [in its] overall prosecution of the case."[46] Further, Federal Recovery has not shown why any delay on the part of Global has or will prejudice them outside of the prejudice associated with filing a summary judgment motion on the claim, already discussed in the first factor from *Ohlander*. Federal Recovery's argument that Global's delay was unwarranted

---

[40] *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[41] *See supra* note 3.

[42] Reply Memorandum at 9.

[43] *See generally* Motion for Voluntary Dismissal.

[44] Even if Federal Recovery's defenses and counterclaims did not remain intact, significant expense of a claim alone is insufficient prejudice. S*ee Osorio v. Tran*, 2009 WL 2485554, at *3 (N.D. Cal. Aug. 12, 2009) (unpublished) ("[S]ignificant expense alone does not equal plain legal prejudice." (quotations omitted)).

[45] *Ohlander*, 114 F.3d at 1537.

[46] *Brown*, 413 F.3d at1125.

6

because Global should have known of the weakness of its claim earlier[47] does not demonstrate *how* such delay is prejudicial and does not consider the effect of the refinement of issues in the briefing process. Certainly, prejudice of expense and delay would be greater if Global insisted on proceeding to argue the motion for summary judgment. The legal prejudice Global's delay would cause Federal Recovery is not substantial, if it exists at all.

The court must next consider whether Global has offered an "insufficient explanation of the need for a dismissal."[48] This third factor weighs in favor of granting Global's motion. Federal Recovery argues at length that Global's explanation for seeking voluntary dismissal is insufficient,[49] focusing on Federal Recovery's viewpoint that the contracts *do* in fact govern the transfer of data.[50] The merits of Global's reasoning for dismissal are not at issue, as Federal Recovery implies with its argument. The movant is only required to give more than a "perfunctory excuse about extraneous matters."[51] Pointing to a "deficiency underlying [a] motion for summary judgment" is sufficient explanation.[52] Here, Global has explained its reason for dismissal by pointing to what it characterizes as a deficiency in its argument.[53] Accordingly, its explanation is sufficient.

Finally, the court must consider "the present stage of litigation."[54] This factor, though weighing in Federal Recovery's favor, is insufficient to overcome Federal Recovery's inability to show prejudice in the other three factors. Further, Federal Recovery is again unable to

---

[47] Response Memorandum at 7–8.

[48] *Ohlander*, 114 F.3d at 1537.

[49] Response Memorandum at 8–11.

[50] *Id.* at 10.

[51] *Brown*, 413 F.3d at 1126.

[52] *Id.*

[53] Motion for Voluntary Dismissal at 3.

[54] *Ohlander*, 114 F.3d at 1537.

demonstrate how the stage of litigation creates prejudice. Federal Recovery's explanation regarding this factor relies exclusively on the reasoning in *Phillips USA, Inc. v. Allflex USA, Inc.*,[55] in which the Tenth Circuit affirmed denial of a voluntary dismissal motion without prejudice.[56] That case is inapposite for two reasons: First, the dismissal was without prejudice, leaving open the possibility of raising the issue again in the future despite the late stage of the case.[57] Second, several reasons supported the district court's denial of the motion in *Phillips*, including that numerous extensions had been requested as to the claim at issue, that there was insufficient explanation for the voluntary dismissal, and that the case had been pending for over a year.[58] Here, the stage of the litigation is not sufficiently late to justify denial of the dismissal..

Under the four-factor analysis of *Ohlander*, Federal Recovery has failed to show that this case is one of the "rare circumstances" in which a motion to voluntarily dismiss with prejudice should be denied.

---

[55] 77 F.3d 354 (10th Cir. 1996).

[56] *Id.* at 358.

[57] *Id.*

[58] *Id.*

## ORDER

For the reasons state above, Global Fitness Holdings, LLC's Motion for Voluntary Dismissal of its Breach of Contract Claim Against Federal Recovery Acceptance, Inc. as it Relates to the Transfer of Data is GRANTED.

Signed this 28th day of March, 2015.

BY THE COURT

_____
David Nuffer
United States District Judge