IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FITNESS HOLDINGS, LLC,<br><br>     Plaintiff,<br>v.<br><br>FEDERAL RECOVERY ACCEPTANCE,<br>INC. and FEDERAL RECOVERY<br>SERVICES, INC.,<br>     Defendants. | **MEMORANDUM DECISION AND<br>ORDER REGARDING ACCOUNTING**<br><br>Case No. 2:13-cv-00204-DN<br><br>District Judge David Nuffer |

Recent review of motions in limine[1] has revealed a significant issue not yet presented by the parties. The parties may be aware of this issue and its impact, but the court is not aware and asks for clarification.

The Contracts entitle Paramount to collect certain fees, during the Contracts' term, from Global customers whose accounts were serviced, and, after termination of Paramount's role, from Global, for services rendered before termination.

The Contracts require Paramount to *collect* or *process* to be entitled to the 9.5% fee on certain delinquent payments and for the "scheduled payments received" after date due. Those fees cannot be due Paramount for amounts collected or processed by someone else, after termination, after Paramount ceased to render services.

---

[1] Global Fitness, LLC's Motion *In* Limine to Exclude Irrelevant Evidence Regarding Late and Bank Fees from 2009 and 2011 Contracts, docket no. 282, filed Sep. 1, 2015; and Global Fitness, LLC's Motion *In Limine* to Exclude Certain Evidence Regarding the Interpretation of the Term "Account", docket no. 284, filed Sep. 1, 2015. Global has argued that "the only fees due pursuant to the Extra Payment section are those fees that were 'collected,'" (*see* Global Fitness, LLC's Motion *In* Limine to Exclude Irrelevant Evidence Regarding Late and Bank Fees from 2009 and 2011 Contracts at 3, docket no. 282, filed Sep. 1, 2015), while Paramount has argued that collected fees are "not all that FRAI is entitled to receive," referring to other fees that carry no express collection requirement (*see* Federal Recovery Acceptance, Inc.'s Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Evidence Regarding Late and Bank Fees from 2009 and 2011 Contracts [Dkt. 282] at 4, docket no. 305, filed Sep. 8, 2015 (emphasis in original)).

During the term of the Contracts, Paramount was entitled to a fee for unpaid EFT draft, unpaid credit card debit, unpaid credit card charge back or unpaid customer check.  During the term of the Contracts those fees would be added to the account of – and in many instances paid by – the customer. Paramount added the fees when the event happened, but only collected when the customer paid the account on which the fees were charged. After the end of the 45-day termination period, those fees which were already added to customer account balances because of the occurrence of an unpaid EFT draft, unpaid credit card debit, unpaid credit card charge back or unpaid customer check were reflected in the transferred account balances. If those amounts were collected by later billing efforts, those fees are due Paramount, regardless of who collected or processed them. But those fees are not payable to Paramount if they were never collected and remain outstanding.

It is not reasonable to read the Contracts as obligating Global to pay those fees added to customer accounts if those fees were never collected. That would make Global a guarantor of its worst customers' debts and would unfairly benefit Paramount. Before termination of the Contracts, the fees were only paid if the customer paid them. The same treatment should apply after termination. The fees charged to the accounts before the end of the 45-day termination period but unpaid as of termination are only payable to Paramount if they were actually eventually paid by the customer. It is reasonable that these fees, paid by the customer, be paid to Paramount because it was Paramount which suffered the unpaid EFT draft, unpaid credit card debit, unpaid credit card charge back or unpaid customer check. The new billing agency is not entitled to the fees and neither is Global.

IT IS HEREBY ORDERED that the parties shall meet, confer and on or before September 21, 2015, submit a joint memorandum of less than eleven pages describing the proof available of the collection or processing of these fees after termination of the Contracts.


Signed this 14th day of September, 2015.

BY THE COURT

David Nuffer
United States District Judge