IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FITNESS HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>FEDERAL RECOVERY ACCEPTANCE, INC. and FEDERAL RECOVERY SERVICES, INC.,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [354] AND [357] MOTIONS IN LIMINE**<br><br>Case No. 2:13-cv-00204-DN<br><br>District Judge David Nuffer |

Defendants Federal Recovery Acceptance, Inc. and Federal Recovery Services, Inc. (collectively "Paramount") filed a renewed motion *in limine*[1] to exclude 27 trial exhibits identified by Plaintiff Global Fitness Holdings, LLC ("Global"). Later, Global moved *in limine*[2] to exclude four trial exhibits identified by Paramount. Both motions were untimely under the deadline of September 1, 2015 for motions *in limine*,[3] although Paramount renewed its timely filed motion,[4] but the admissibility of the challenged evidence is important in the upcoming trial.

## CONTENTS

Overview of Motions ................................................................................................................ 2
    Paramount Challenged 27 of Global's Exhibits................................................................. 2
    Global Challenged Four of Paramount's Exhibits ........................................................... 4
Analysis...................................................................................................................................... 6
    Paramount's Motion on 27 Exhibits is GRANTED ........................................................ 6
    Global's Motion on Four Exhibits is GRANTED ........................................................... 9
Order ........................................................................................................................................ 11

---

[1] Plaintiff's [sic] Renewed Motion in Limine to Exclude Certain Evidence on Issues Resolved in Prior Court Orders ("Paramount's Motion on 27 Exhibits"), docket no. 354, filed Oct. 2, 2015.

[2] Global Fitness Holdings, LLC's Motion in Limine to Exclude Federal Recovery Acceptance, Inc.'s Exhibits Nos. 3, 6, 9, and 59 ("Global's Motion on Four Exhibits"), docket no. 357, filed Oct. 6, 2015.

[3] Second Amended Trial Order and Order Granting Stipulated Motion § 4, docket no. 242, filed Mar. 12, 2015.

[4] Federal Recovery Acceptance, Inc.'s Motion in Limine to Exclude Evidence Ruled on in Summary Judgment, docket no. 292, filed Sep. 1, 2015.

## OVERVIEW OF MOTIONS

As stated in the Docket Text Order granting Paramount's earlier motion to exclude evidence ruled on in summary judgment,

> Evidence related to resolved claims is irrelevant to the remaining issues to be addressed at trial and would also be overly prejudicial if offered by either party at trial. However, without specific identification of any challenged evidence, the specific application of this ruling can only be addressed with each exhibit and witness as they are offered during the course of trial.[5]

As a result of this order, Paramount renewed its earlier motion, now challenging specific exhibits. Global argued that the motion is "procedurally quixotic" given that Paramount could have identified specific exhibits earlier,[6] but Paramount is correct that because Global had yet to reduce its exhibit list following summary judgment rulings, it would have been impractical to address Global's earlier list of exhibits that was nearly five times larger.

### Paramount Challenged 27 of Global's Exhibits

Paramount's Motion on 27 Exhibits seeks to exclude Global's Exhibits 8, 9–21, 26–28, 30–35, 37, and 47–49, arguing that this evidence "pertains solely to issues already resolved by the court's prior orders."[7] In its opposition,[8] Global withdrew Exhibits 8 and 37[9] and Exhibits 47–49,[10] so those exhibits are no longer at issue.

Of the remaining exhibits, Paramount addressed them in three groups. First, Paramount argued that Global's Exhibits 9–21, 26–28, and 31 "refer to the prices and types of termination fees under various contracts that the parties were negotiation," that "the Court has already

---

[5] Docket Text Order, docket no. 311, filed Sep. 9, 2015.

[6] Global Fitness, LLC's Response to Defendant's Renewed Motion in Limine to Exclude Evidence on Issues Resolved in Prior Court Orders ("Global's Response on 27 Exhibits") at 2, docket no. 356, filed Oct. 6, 2015.

[7] Paramount's Motion on 27 Exhibits at 2.

[8] Global's Response on 27 Exhibits.

[9] *Id.* at 4, n.6.

[10] *Id.* at 6.

decided as a matter of law what contracts apply to the parties' relationships and the types of termination fees that [Paramount] may recover," and therefore "[t]he documents are not relevant under Rule 402, would confused and mislead the jury under Rule 403, and the court has already ruled regarding the issues in them."[11]

Second, Paramount argued that in Global's Exhibit 30, Paramount "is shown addressing the termination language of the contracts," that this "has already been addressed by the Court," and therefore Exhibit 30 "would waste time and give only cumulative evidence under rule 403" and "does not address the calculation of damages. . . . Therefore, it is irrelevant under Rule 402."[12]

Finally, Paramount argued that Global's Exhibits 32–35 "contain internal emails at Paramount, discussing which contracts exist between parties and which apply to their relationship, as well as what types of termination fees they require," that "the Court has already ruled regarding all of these issues as a matter of law," and that "these exhibits are irrelevant under rule 402 . . . [and] would confuse the issues, mislead the jury as to what it must determine, and cause undue delay and waste time at trial."[13]

Global's Response on 27 Exhibits argued that "the challenged exhibits directly relate to Global's defense of Paramount's claim for breach of the implied covenant of good faith and fair dealing,"[14] and are therefore not inadmissible because of the court's rulings on these exhibits under the breach of contract claim. Paramount's claim for breach of the implied covenant of good faith and fair dealing rests upon three grounds: "(1) seeking to terminate the contract early;

---

[11] Paramount's Motion on 27 Exhibits at 3.

[12] *Id.* at 3–4.

[13] *Id.* at 4.

[14] Global's Response on 27 Exhibits at 7.

(2) failing to pay the demanded termination fees; and (3) filing this lawsuit to compel transfer of the members account data."[15] Global states that "[n]early all of the documents that Paramount challenges were listed by Global, in part, to counter the second basis for Paramount's implied covenant claim."[16]

Paramount's Reply on 27 Exhibits argued that Global misstates the law regarding the implied covenant of good faith and fair dealing: that it is "not an assessment of whether someone internally believes they are acting in 'good faith'," but "whether a defendant 'intentionally [did] anything to injure the other party's right to receive the benefits of the contract'[17] [which is] 'an objective question.'"[18] Furthermore, Paramount argued that many of the documents "would not show anything that would prove an actual element of this claim . . . [and] are prior negotiations, occurring three years before the claimed events ever happened, and totally irrelevant to this claim," while others clearly confuse the jury on issues which have already been resolved in prior rulings.[19]

### Global Challenged Four of Paramount's Exhibits

Global ended its opposition to Paramount's Motion on 27 Exhibits by challenging Paramount's Exhibits 3, 6, 9, and 59,[20] and then filed Global's Motion on Four Exhibits less than

---

[15] *Id.* at 3. *See also* Joint Proposed Pretrial Order at 3, docket no. 343, filed Sep. 23, 2015 ("FRAI asserts that Global breached the covenant of good faith and fair dealing by demanding that FRAI transfer member account data and complete other termination activities prior to the 45-day termination period despite possessing copies of the parties' Contracts and access to FRAI's WebFDM software, refusing to pay FRAI the required termination fees, and filing this lawsuit to compel FRAI to transfer the member account data, in violation of the universally-accepted duties and industry customs of fitness centers on termination of their contracts with billing services providers.").

[16] Global's Response on 27 Exhibits at 3–4.

[17] Federal Recovery Acceptance, Inc.'s Reply in Support of its Renewed Motion in Limine to Exclude Evidence on Issues Resolved in Prior Court Orders ("Paramount's Reply on 27 Exhibits") at 2, docket no. 361, filed Oct. 8, 2015 (citing *Eggett v. Wasatch Energy Corp.*, 94 P.3d 193, 197 (Utah 2004)).

[18] *Id.* at 2 (citing *Canyon Country Store v. Bracey*, 781 P.2d 414, 421 N.6 (Utah 1989)).

[19] *Id.*

[20] Global's Response on 27 Exhibits at 6–7.

an hour later. Global argued that Paramount's Exhibits 3, 6, and 9 are "demonstratives [that] emphasize language in the Contracts the [sic] states that the Contracts may only be amended through a written document . . . [which] played a critical part as the parties disputed whether Paramount had waived notice of termination by certified mail. The court resolved this question, and the demonstrative exhibits no longer have any relevance to the issue of the amount of termination fees,"[21] and "are excludable under Rules 401 and 403 of the Federal Rules of Civil Procedure [sic]."[22]

Global further argued that Paramount's Exhibits 59 "is a document of 'Paramount's Losses' that total over $3.6 million," but "[t]he Court has already ruled that many of Paramount's claimed damages, which Exhibit 59 references, were reduced or eliminated," meaning that "Exhibit 59 is no longer accurate," "cannot be probative of Paramount's claim for 'Losses,'" and "will unfairly prejudice Global's position, confuse the issue of damages, mislead the jury, and waste the Court's time."[23]

Paramount's Response on Four Exhibits argued that the three demonstratives are merely enlargements of other exhibits which Global does not challenge, and "are useful if the jury needs to see any particular provision in larger print," and are "helpful to keep them in case focus on any one of them becomes helpful during the course of trial."[24] Paramount concluded that exclusion "would only serve to reduce convenience to the jury," and "[i]t would be unhelpful and unwise in the administration of justice to keep only exhibits of the contracts that the jury have

---

[21] *Id.* at 6–7.

[22] Global's Motion on Four Exhibits at 2.

[23] *Id.* at 2–3.

[24] Federal Recovery Acceptance, Inc.'s Opposition to Global's Motion in Limine to Exclude FRAI's Exhibits Nos 3, 6, 9, and 59 [Dkt. 357] ("Paramount's Response on Four Exhibits") at 2, docket no. 360, filed Oct. 8, 2015.

[sic] a harder time reading."[25] As it relates to Exhibit 59, Paramount "agree[d] that the former version of this exhibit is incorrect due to the court's recent rulings," but argued that Global's motion should still be denied because Paramount should be entitled to use a simple demonstrative.[26]

Global did not timely file a reply brief in support of Global's Motion on Four Exhibits.

## ANALYSIS

The Federal Rules of Evidence state that "[i]rrelevant evidence is inadmissible."[27] The rules provide that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the facts is of consequence in determining the action."[28] Furthermore, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[29]

### Paramount's Motion on 27 Exhibits is GRANTED

Global's fundamental opposition to Paramount's Motion on 27 Exhibits is that "the challenged exhibits directly relate to Global's defense of Paramount's claim for breach of the implied covenant of good faith and fair dealing."[30] Paramount's claim for breach of the implied covenant of good faith and fair dealing arises from three categories of actions by Global: "(1)

---

[25] *Id.*

[26] *Id.* at 2.

[27] FED. R. EVID. 402.

[28] FED. R. EVID. 401.

[29] FED. R. EVID. 403.

[30] Global's Response on 27 Exhibits at 7.

seeking to terminate the contract early; (2) failing to pay the demanded termination fees; and (3) filing this lawsuit to compel transfer of the members account data."[31]

First, as Paramount argued in making its previous motion for summary judgment on *Global's* claim breach of the implied covenant, "where there is no breach of an express covenant in a contract, there can be no cause of action for breach of an implied covenant arising therefrom."[32] To be sure, the implied covenant "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[33] Paramount and Global never contracted to prohibit Global from asking or demanding for early termination of the contract, and it has already been determined that "Global's acts of requesting or demanding the early transfer do not constitute a breach of the Contracts."[34] Therefore, any evidence offered by either party in relation to Global's alleged bad faith in seeking to terminate the contract early is inadmissible under Rules 402 and 403 because Paramount does not state an actionable claim on that basis.

Second, on September 9, 2015, Paramount was precluded from offering evidence to support two of its three bases for its claim for unjust enrichment because "it only disclosed damages related to" one of the three bases.[35] Similarly, Paramount failed to disclose *any* damages related to its claim for breach of the implied covenant in even its most recent set of

---

[31] *Id.* at 3. *See also* Joint Proposed Pretrial Order at 3, docket no. 343, filed Sep. 23, 2015 ("FRAI asserts that Global breached the covenant of good faith and fair dealing by demanding that FRAI transfer member account data and complete other termination activities prior to the 45-day termination period despite possessing copies of the parties' Contracts and access to FRAI's WebFDM software, refusing to pay FRAI the required termination fees, and filing this lawsuit to compel FRAI to transfer the member account data, in violation of the universally-accepted duties and industry customs of fitness centers on termination of their contracts with billing services providers.").

[32] Defendants' Motion for Partial Summary Judgment RE: Global's Breach of Contract and Breach of the Implied Covenant Claims and Memorandum in Support Thereof at 20, docket no. 111, filed Aug. 4, 2014 (citing *Asael Farr & Sons Co. v. Truck Ins. Exch.*, 193 P.3d 650, 662 (Ut. Ct. App. 2008)).

[33] *Seare v. University of Utah School of Medicine*, 882 P.2d 673, 678 (Ut. Ct. App. 1994) (quoting *Sanderson v. First Sec. Leasing Co.*, 844 P.2d 303, 308 (Utah 1992)).

[34] *See* Memorandum Decision and Order Granting In Part and Denying In Part [111] Defendants' Motion For Partial Summary Judgment on Plaintiff's Breach Of Contract And Breach of the Implied Covenant Claims at 19, docket no. 274, filed Aug. 31, 2015.

[35] Docket Text Order, docket no. 310, filed Sep. 9, 2015.

disclosures,[36] and in its Trial Brief, Paramount stated as damages for this claim the exact

damages it states for the contract claim (the termination and "Extra Payment" provision fees),[37]

with one exception:

> seeking to compel FRAI to act in contravention of its rights under the Contracts
> by filing this lawsuit, FRAI has been forced to defend itself in this lawsuit for the
> past three years and incur a tremendous amount of attorney fees, costs, and other
> expenses. Accordingly, FRAI is entitled to an award of its attorney fees due to
> Global's breach of the implied covenant of good faith and fair dealing.[38]

Paramount's only disclosed damages that are not reproductions of the contract claim damages

are attorney fees related to the filing of the lawsuit. Therefore, consistent with the prior ruling

regarding disclosure of damages, Paramount is precluded from offering evidence to support a

damage claim it never disclosed.[39] As a result, Paramount may not offer evidence to prove

Global's alleged bad faith in failing to pay the demanded termination fees, Paramount's second

basis for its claim for breach of the implied covenant, as well as evidence to prove Paramount's

first basis already addressed above.

Therefore, the only basis for Paramount's claim for breach of the implied covenant is its

third, improperly filing this lawsuit to compel transfer of data. "The obligation of good faith and

fair dealing extends to the assertion, settlement and litigation of contract claims and defenses.

The obligation is violated by dishonest conduct such as conjuring up a pretended dispute,

asserting an interpretation contrary to one's own understanding, or falsification of facts."[40]

---

[36] Federal Recovery Acceptance, Inc. and Federal Recovery Services, Inc.'s Third Supplemental Initial Disclosures, attached, for example, as Exhibit A to Global Fitness, LLC's Motion in Limine to Exclude Evidence of Damages for Defendants' Unjust Enrichment Claims, docket no. 281-1, filed Sep. 1, 2015.

[37] Federal Recovery Acceptance, Inc.'s Trial Brief at 10–14 ¶¶ 1–19, docket no. 329, filed Sep. 15, 2015.

[38] *Id.* at 15 ¶¶ 20–21.

[39] Docket Text Order, docket no. 310, filed Sep. 9, 2015.

[40] Duty of Good Faith and Fair Dealing: Good Faith in Enforcement, Restatement (Second) of Contracts § 205(e).

The parties held and continue to hold different interpretations of the contracts and the amounts of fees Global owed to Paramount. Therefore, Global did not "conjur[e] up a pretended dispute [or] assert[] an interpretation contrary to [its] own understanding."[41] Therefore, Paramount is precluded from offering evidence that Global filed this lawsuit based on its refusal to agree to Paramount's interpretations and calculations or based on disputed contract interpretation that falls short of the threshold of "asserting an interpretation contrary to [Global]'s own understanding." Paramount does not have evidence that Global truly agreed with Paramount's contract interpretation or any other interpretation but nevertheless pursued this litigation. Rather, Paramount could offer evidence of any "dishonest conduct such as . . . falsification of facts"[42] on the part of Global, but this evidence has never been proffered.

Because Paramount is precluded from offering evidence of Global's alleged bad faith in demanding early termination or refusing to pay termination fees, Paramount has no claim for Global to rebut, and therefore exclusion of Global's Exhibits 9–21, 26–28, and 30–35 is proper.[43] Furthermore, Global is precluded from offering any other evidence that would have been a defense on those bases. Global may offer evidence that would rebut Paramount's evidence of "dishonest conduct such as . . . falsification of facts"[44] on the part of Global in initiating and prosecuting this lawsuit.

### Global's Motion on Four Exhibits is GRANTED

Paramount's Exhibits 3, 6, and 9 are demonstratives that may be useful for the purposes of argument and all of their provisions and remain relevant to provide context for the jury's task

---

[41] *Id.*

[42] *Id.*

[43] Global's Exhibits 8, 37, and 47–49 have been withdrawn, but would also be excluded. *See* Global's Response on 27 Exhibits. at 4, n.6 and at 6.

[44] *Id.*

of determining damages. The parties are in the process of drafting proposed jury instructions that detail prior rulings construing the contracts so the jury has a clear understanding of their meaning and clear instructions on how relevant provisions should be applied. However, no individual excerpts of the contracts as demonstratives will be admitted into evidence. The contracts are valid, and the only reproductions of the contracts other than the originals that will be admissible will be the retyped versions of the contracts in their entirety that the parties have used in the past for ease of reading. Furthermore, no party may present or argue a contract provision in a way that would contradict the previously determined legal interpretations. The jury will be thoroughly instructed on the meaning and relevance of the provisions of the contracts.

Paramount's Exhibit 59 is based on interpretations of the contracts that have since been rejected and therefore, "Exhibit 59 is no longer accurate;" "cannot be probative of Paramount's claim for 'Losses;'" and "will unfairly prejudice Global's position, confuse the issue of damages, mislead the jury, and waste the Court's time."[45] Paramount even "agree[d] that the former version of this exhibit is incorrect due to the court's recent rulings," but surprisingly argued that Global's motion should still be denied because Paramount should be entitled to use a simple demonstrative.[46] Certainly a simple demonstrative is useful at trial and Paramount is not precluded from creating a new demonstrative, applying recent rulings to its damage calculations. However, Exhibit 59 is clearly incorrect and therefore must be excluded under Rule 403.

---

[45] Global's Motion on Four Exhibits at 2–3.

[46] Paramount's Response on Four Exhibits at 2.

**ORDER**

IT IS HEREBY ORDERED that:

1.      Paramount's Motion on 27 Exhibits[47] is GRANTED, and

2.      Global's Motion on Four Exhibits[48] is GRANTED, but the parties may submit the previously used retyped versions of the contracts in their entirety for clarity, and Paramount may offer a new demonstrative regarding its damages that embraces all prior rulings.

3.      Neither party may offer evidence in relation to Global's alleged bad faith in seeking to terminate the contract early under Rules 402 and 403 because Paramount does not state an actionable claim not has it disclosed any damages unique from recovery of the contractually-obligated fees on that basis.

4.      Neither party may offer evidence in relation to Global's alleged bad faith in refusing to pay contractual fees because Paramount has never disclosed any damages on that basis unique from recovery of the contractually-obligated fees on that basis.

5.      The parties are limited to offering evidence in relation to Global's alleged bad faith in filing this litigation to evidence of any dishonest conduct such as . . . falsification of facts on the part of Global.


Signed this 9th day of October, 2015.

BY THE COURT

David Nuffer
United States District Judge

---

[47] Docket no. 354, filed Oct. 2, 2015.

[48] Docket no. 357, filed Oct. 6, 2015.