# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FITNESS HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL RECOVERY ACCEPTANCE, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR ATTORNEY'S FEES**<br><br>Case No. 2:13–cv–00204–DN<br><br>District Judge David Nuffer |

Plaintiff Global Fitness Holdings, LLC ("Global") and Defendant Federal Recovery Acceptance, Inc. ("FRA") filed cross-motions seeking awards of attorney's fees and expenses.[1] Each party argues that it is the "successful party" in the case and entitled to recover attorney's fees and expenses under their contracts' attorney's fees provision.[2] Alternatively, each party argues that if it is the "unsuccessful party," any award of attorney's fees and expenses to the other party should be reduced pursuant to the attorney's fees provision based on the other party's rejection of a prior offer for settlement.[3] Additionally, Global argues that it is entitled to prejudgment interest on its liquidated contract damages.[4]

---

[1] Global Fitness Holdings, LLC's Motion for an Award of Reasonable Expenses and Attorneys' Fees Pursuant to the Contracts as well as Prejudgment Interest ("Global's Motion"), docket no. 385, filed Nov. 3, 2015; Federal Recovery Acceptance, Inc.'s Motion for an Award of its Reasonable Attorney Fees and Expenses ("FRA's Motion"), docket no. 401, filed Nov. 11, 2015; Global fitness, LLC's Renewed Motion for an Award of Reasonable Expenses and Attorneys' Fees Pursuant to the Contracts as well as Prejudgment Interest ("Global's Renewed Motion"), docket no. 416, filed Nov. 24, 2015.

[2] Global's Motion at 9–13; FRA's Motion at 13–23, 26–27.

[3] Global's Motion at 15–16; Federal Recovery Acceptance, Inc.'s Opposition to Global's Motion for an Award of Expenses, Attorney Fees, and Prejudgment Interest [Dkt. 385] ("FRA's Response") at 27–28, docket no. 413, filed Nov. 20, 2015.

[4] Global's Motion at 26–27.

Because neither party is the "successful party," Global and FRA's requests for attorney's fees and expenses[5] are DENIED. However, Global is GRANTED prejudgment interest on its net judgment.

**Contents**

BACKGROUND ........................................................................................................... 2
DISCUSSION ............................................................................................................ 7
    The scope of the attorney's fees provision in the parties' contracts requires consideration of all the parties' claims and defenses to determine the "successful party" in the case.................................................................................................................... 9
    Because neither party is the "successful party" in the case, neither party is entitled to an award of attorney's fees and expenses under the parties' contracts .................... 12
        Global's relative success ..................................................................................... 14
        FRA's relative success ........................................................................................ 16
        Comparison of the parties' relative success.......................................................... 18
    Global is entitled to prejudgment interest on its net judgment ......................................... 21
ORDER .................................................................................................................... 23

## BACKGROUND

FRA is a corporation that services contracts for physical fitness centers ("gyms"). It processes contracts between gyms and their members, arranges and tracks member payments, keeps members informed of their membership status, and manages delinquent accounts.[6] Global is a limited liability company that previously owned 36 gyms.[7]

In 2008, FRA began providing services to eight of Global's gyms—the parties entered into eight contracts for these services, each for a separate gym location.[8] In 2009, the parties entered into two additional contracts that were not location-specific.[9] In 2011, the parties entered

---

[5] *Id*.; FRA's Motion; Global's Renewed Motion.

[6] Joint Proposed Pretrial Order § 2.c., docket no. 343, filed Sept. 23, 2015.

[7] *Id*.

[8] *Id*.

[9] *Id*.

into another two contracts that were not location-specific.[10] By 2011, FRA provided services to all 36 of Global's gyms.[11]

In October 2012, Global sold its gyms to Fitness & Sports Clubs, LLC ("L.A. Fitness"), and FRA stopped providing services to Global and its members.[12] Global initiated this case on October 10, 2012, alleging that FRA refused to cooperate with it following the L.A. Fitness acquisition.[13] Global asserted claims against FRA for tortious interference, promissory estoppel, conversion, breach of contract, and breach of the implied covenant of good faith and fair dealing.[14] FRA asserted counterclaims against Global for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and negligent misrepresentation.[15]

FRA filed several dispositive motions seeking dismissal of Global's claims.[16] Global also filed dispositive motions seeking judgment on its conversion claim and dismissal of FRA's counterclaims for breach of contract, unjust enrichment, fraud, and negligent

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Complaint, docket no. 1, filed Oct. 10, 2012.

[14] Global Fitness Holdings, LLC's Amended Complaint ("Amended Complaint") ¶¶ 38–73, docket no. 71, filed Mar. 19, 2014.

[15] Defendants' Amended Answer to Plaintiff's Amended Complaint and Counterclaim ("Amended Counterclaim") at 32–37, ¶¶ 71–110, docket no. 85, filed Apr. 22, 2014.

[16] Defendants' Motion for Partial Summary Judgment on Global's Promissory Estoppel Claim, docket no. 106, filed August 4, 2014; Defendants' Motion for Partial Summary Judgment Re Plaintiff's Conversion Claim and Supporting Memorandum, docket no. 108, filed August 4, 2014; Defendants' Motion for Partial Summary Judgment Re: Global's Breach of Contract and Breach of the Implied Covenant Claims and Memorandum in Support Thereof, docket no. 111, filed Aug. 4, 2014; Defendants' Motion for Partial Summary Judgment on Global's Tortious Interference Claim, docket no. 120, filed under seal on Aug. 4, 2014; Defendants' Motion for Partial Summary Judgment Re: Global's Tortious Interference Claim for Lack of Causation and Memorandum in Support Thereof, docket no. 121, filed under seal on Aug. 4, 2014; Defendants' Motion for Summary Judgment Dismissing Plaintiff's Claims as Moot, docket no. 122, filed under seal on Aug. 4, 2014.

misrepresentation.[17] Before the issuance of rulings on these motions, Global was permitted to voluntarily dismiss the portion of its breach of contract claim relating to withheld member account data.[18] The parties also stipulated to the dismissal of FRA's fraud and negligent misrepresentation counterclaims.[19]

As to Global's claims, the rulings on the dispositive motions determined:

- Global had standing and its claims were not moot;[20]

- FRA breached the parties' contracts by withholding funds from Global, and Global was entitled to damages in an amount to be determined at trial;[21] and

---

[17] Global Fitness Holdings, LLC's Motion to Dismiss Paramount's Fraud (Count IV) and Negligent Misrepresentation (Count V) Counterclaims and Memorandum in Support, docket no. 47, filed Oct. 9, 2013; Global Fitness Holdings, LLC's Motion for Partial Summary Judgment on Paramount's Fraud (Count IV) and Negligent Misrepresentation (Count V) Counterclaims and Memorandum in Support, docket no. 66, filed Mar. 4, 2014; Global Fitness Holdings, LLC's Motion for Partial Summary Judgment, docket no. 113, filed Aug. 4, 2014.

[18] Global Fitness, LLC's Motion for Voluntary Dismissal of its Breach of Contract Claim Against Federal Recovery Acceptance, Inc. as it Relates to the Transfer of Data, docket no. 132, filed Sept. 4, 2014; Memorandum Decision and Order Granting Plaintiff's Motion for Voluntary Dismissal With Prejudice ("Order on [132] Motion"), docket no. 244, filed Mar. 30, 2015.

[19] Stipulation of Dismissal, With Prejudice, of Federal Recovery Acceptance, Inc.'s Fraud and Negligent Misrepresentation Claims, docket no. 91, filed May 14, 2014; Order Dismissing, With Prejudice, Federal Recovery Acceptance, Inc.'s Fraud and Negligent Misrepresentation Claims ("Order on [91] Stipulation"), docket no. 93, filed May 15, 2014.

[20] Memorandum Decision and Order Denying Summary Judgment on Mootness Grounds, docket no. 245, filed under seal on Apr. 1, 2015.

[21] Memorandum Decision and Order Granting in Part and Denying in Part [111] Defendants' Motion for Partial Summary Judgment on Plaintiff's Breach of Contract and Breach of the Implied Covenant Claims ("Order on [111] Motion") at 22–26, docket no. 274, filed Aug. 31, 2015; Memorandum Decision and Order Granting in Part and Denying in Part [113] Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Conversion Claim and FRAI's Unjust Enrichment and Breach of Contract Claims ("Order on [113] Motion") at 18–19, docket no. 276, filed Aug. 31, 2015.

- Dismissal was appropriate on Global's claims for tortious interference,[22] promissory estoppel,[23] conversion,[24] and breach of the implied covenant of good faith and fair dealing.[25]

As to FRA's counterclaims, the rulings on the dispositive motions determined:

- Global breached the parties' contracts by failing to pay FRA contractually required termination or exit fees, and FRA was entitled to damages in an amount to be determined at trial;[26]

- Dismissal was appropriate on FRA's counterclaim for breach of contract insofar as it related to Global's request for early transfer of member account data and notice of termination;[27] and

- FRA's counterclaim for unjust enrichment could proceed to trial.[28]

Following the rulings on their dispositive motions, the parties entered a stipulation regarding damages.[29] The parties agreed that Global was entitled to $456,226.23 in damages as of April 30, 2015, for FRA's breach of contract.[30] This amount would decrease by $199 per month due to a service fee for Global maintaining access to FRA's software.[31] The parties also agreed that FRA was entitled to $2,954.84 in damages for one day of service due to Global's early termination and $7,500 under the term provisions of the parties' 2009 and 2011 contracts.[32]

---

[22] Memorandum Decision and Order Granting [120] Defendants' Motion for Partial Summary Judgment on Plaintiff's Tortious Interference Claim ("Order on [120] Motion"), docket no. 278, filed Aug. 31, 2015.

[23] Memorandum Decision and Order Granting [106] Defendants' Motion for Partial Summary Judgment on Plaintiff's Promissory Estoppel Claim ("Order on [106] Motion"), docket no. 277, filed Aug. 31, 2015.

[24] Memorandum Decision and Order Granting [108] Defendants' Motion for Partial Summary Judgment on Plaintiff's Conversion Claim ("Order on [108] Motion"), docket no. 275, filed Aug. 31, 2015; Order on [113] Motion at 13.

[25] Order on [111] Motion at 26–29.

[26] *Id*. at 22–26; Order on [113] Motion at 18–19.

[27] Order on [111] Motion at 18–22; Order on [113] Motion at 18–19.

[28] Order on [113] Motion at 13–18.

[29] Stipulation Regarding Damages, docket no. 258, filed June 10, 2015.

[30] *Id*. at 3.

[31] *Id*.

[32] *Id*. at 2–3.

Additionally, the parties stipulated to the dismissal of FRA's counterclaims for breach of the implied covenant of good faith and fair dealing and unjust enrichment.[33]

The case proceeded to a three-day jury trial beginning on October 13, 2015.[34] The only remaining issues at trial were FRA's damages for Global's breach of contract based on:

- The number and types of accounts subject to a $5.00 per account termination fee under the parties' 2008 contracts;

- The amount of accumulated banking and late fees under the parties' 2008 contracts; and

- The amount of banking and late fees under the parties' 2009 and 2011 contracts.[35]

On October 15, 2015, the jury returned its verdict finding that FRA had proven 25,479 accounts were subject to the $5.00 termination fee under the parties' 2008 contracts,[36] and that $153,721.38 in late fees were associated with the parties' 2008 contracts.[37] However, the jury found that FRA failed to prove any banking fees or other late fees were due under the parties' relevant contracts.[38]

---

[33] Stipulation to Dismissal of Claims for Breach of the Implied covenant of Good Faith and Fair Dealing and Unjust Enrichment, docket no. 363, filed Oct. 10, 2015; Order Granting Dismissal of Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing and Unjust Enrichment ("Order on [363] Stipulation"), docket no. 366, filed Oct. 14, 2015.

[34] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 364, filed Oct. 13, 2015.

[35] Joint Proposed Pretrial Order § 4.a.

[36] Verdict § 1:A.1., docket no. 376, filed Oct. 15, 2015.

[37] Id. § 1:A.3.

[38] Id. §§ 1.A.2., 1:B.5., 1:C.7, 1:b.9.

On November 5, 2015, judgment was entered in favor of Global in the amount of $163,660.01.[39] This judgment represented an offset of the parties' stipulated damages and the damages awarded to FRA by the jury.[40]

Global and FRA now seek awards of attorney's fees and expenses, each arguing that it is the "successful party" in the case and entitled to attorney's fees and expenses under their contracts.[41] And each alternatively argue that if it is the "unsuccessful party" in the case, any award of attorney's fees and expenses to the other party should be reduced pursuant to the attorney's fees provision based on the other party's rejection of a prior offer for settlement.[42] Global also argues that it is entitled to prejudgment interest on its liquidated contract damages.[43]

## DISCUSSION

In diversity cases, such as this case, "attorney['s] fees are deemed to be substantive in nature, and are determined according to state law."[44] Moreover, the parties' contracts expressly provide that they "shall be governed by the laws of the State of Utah."[45] Therefore, Utah law applies to the determination of Global and FRA's cross-motions for attorney's fees and expenses.[46]

---

[39] Amended Judgment in a Civil Case ("Amended Judgment"), docket no. 399, filed Nov. 10, 2015.

[40] Order Granting Global Fitness, LLC's Motion to Correct a Clerical Mistake in the Judgment ("Order Granting [382] Motion"), docket no. 389, filed Nov. 5, 2015; Stipulation Regarding Damages; Verdict.

[41] Global's Motion at 9–13; FRA's Motion at 13–23, 26–27.

[42] Global's Motion at 15–16; FRA's Response at 27–28.

[43] Global's Motion at 26–27.

[44] *Albert T. Smith Co. v. Albertsons, Inc.*, 826 F.Supp. 1299, 1300 (D. Utah 1993) (citing *Bill's Coal Co. v. Bd. Of Pub Utils.*, 887 F.2d 242, 246 (10th Cir. 1989)).

[45] Contracts at Enforcement, docket no. 385-1, filed Nov. 3, 2015; Contracts at Enforcement, docket no. 401-1, filed Nov. 11, 2015.

[46] Global's Motion at 9 n.40; FRA's Motion at 13 n.46.

"In Utah, attorney['s] fees are awardable only if authorized by statute or contract."[47] And "[i]f the legal right to attorney['s] fees is established by contract, Utah law clearly requires the court to apply the contractual attorney['s] fee provision and to do so strictly in accordance with the contract's terms."[48]

Each of the parties' contracts contains the same attorney's fees provision, which reads:

> In the event that either party hereto is successful in any legal action or the defense thereof with regard to this Agreement, there will be included in the judgment or decree the reasonable expenses and attorney's fees of the successful party. However, if the unsuccessful party had previously offered an amount in settlement which equals or exceeds the judgment or decree before the addition of expenses and attorney['s] fees, then the judgment of the successful party will only include its expenses and attorney's fees accruing prior to such offer and will be reduced by the expenses and attorney['s] fees of the unsuccessful party incurred after such offer. Under such formula, the judgment of the 'successful' party may result in a net amount owing to the 'unsuccessful' party.[49]

Global reads the attorney's fees provision as applying to only the parties' contract claims and defenses.[50] Therefore, Global argues that the parties' tort claims and defenses should not be considered in determining which party is the "successful party."[51] Global maintains that because it received liquidated damages on its breach of contract claim and a net judgment in the case, it is the "successful party."[52] Alternatively, Global argues that even if all the parties' claims are considered, it is still the "successful party" in the case.[53] And if it is the "unsuccessful party,"

---

[47] *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1125 (Utah 2002) (internal quotations omitted).

[48] *Foote v. Clark*, 962 P.2d 52, 54–55 (Utah 1998); *Jones v. Riche*, 216 P.3d 357, 358 (Utah Ct. App. 2009).

[49] Contracts at Enforcement.

[50] Global's Motion at 10–11; Global Fitness Holdings, LLC's Reply in Further Support of its Motion for an Award of Reasonable Expenses and Attorneys' Fees Pursuant to the Contracts as well as Prejudgment Interest ("Global's Reply") at 4–7, filed Dec. 7, 2015; Global Fitness Holdings, LLC's Opposition to Federal Recovery Acceptance, Inc.'s Motion for an Award of its Reasonable Attorney Fees and Expenses ("Global's Response") at 10–12, docket no. 422, filed Nov. 30, 2015.

[51] Global's Motion at 11; Global's Response at 10–12.

[52] Global's Motion at 12–13; Global's Reply at 4–7; Global's Response at 10–12.

[53] Global's Reply at 7–9; Global's Response at 14–20.

any award of attorney's fees and expenses to FRA should be reduced pursuant to the attorney's fees provision based on FRA's rejection of its prior offer for settlement.[54]

In contrast, FRA reads the attorney's fees provision as applying to all claims and defenses in the case because the entire case was "with regard to" the parties' contracts.[55] FRA further argues that because all claims and defenses in the case were inextricably intertwined and involved a common core of facts, all attorney's fees and expenses incurred in the case should be awarded to the "successful party."[56] FRA maintains that when looking at the case as a whole, and considering how the parties fared on their basic litigation positions and claims and defenses, it is the "successful party."[57] FRA also argues that because it is the "prevailing party," at a minimum, it is entitled to an award of its taxable costs under rule 54(d) of the Federal Rules of Civil Procedure.[58] Alternatively, FRA argues that if it is the "unsuccessful party," any award of attorney's fees and expenses to Global should be reduced pursuant to the attorney's fees provision based on Global's rejection of its prior offer for judgment.[59]

### The scope of the attorney's fees provision in the parties' contracts requires consideration of all the parties' claims and defenses to determine the "successful party" in the case

"As with statutory construction, words in a contract must be interpreted according to their plain meaning unless the context justifies a different interpretation."[60] Construing the plain

---

[54] Global's Motion at 15–16; Global's Reply at 10–12; Global's Response at 20–22.

[55] FRA's Motion at 14–17; Reply Memorandum in Support of Federal Recovery Acceptance, Inc.'s Motion for an Award of its Reasonable Attorney Fees and Expenses ("FRA's Reply") at 4–7, docket no. 431, filed Dec. 17, 2015; FRA's Response at 14–17.

[56] FRA's Motion at 17–19; FRA's Reply at 7–9; FRA's Response at 18–20.

[57] FRA's Motion at 19–23; FRA's Reply at 9–13; FRA's Response at 20–24.

[58] FRA's Motion at 27 n.107.

[59] FRA's Response at 27–28.

[60] *Osmond Lane Homeowners Ass'n v. Landrith*, 295 P.3d 704, (Utah Ct. App. 2013) (internal quotations omitted).

language of the attorney's fees provision in the parties' contracts, the scope of the provision is broad—it applies to "any legal action or the defense thereof with regard to [the contracts.]"[61]

The use of the terms "any legal action or the defense thereof"[62] in the attorney's fees provision does not support a distinction between legal actions based in contract, tort, or equity.[63] The use of the terms "with regard to"[64] is similarly broad. The terms "with regard to" mean "with respect to [and] concerning."[65] And the terms "with respect to" and "concerning" respectively mean or "with reference to [and] in relation to" and "relating to[.]"[66] Given the plain meaning of these terms, the scope of the attorney's fees provision is broad enough to encompass legal actions beyond those seeking only a contract's enforcement, termination, or the remedying of a contractual default. Under the plain language of the attorney's fees provision, whether based in contract, tort, or equity, a "legal action or the defense thereof"[67] falls within the scope of the provision so long as it is with respect to or concerning the terms embodied in the parties' contracts.[68]

Global's claims against FRA included tortious interference, promissory estoppel, conversion, breach of contract, and breach of the implied covenant of good faith and fair dealing.[69] The allegations in each of these claims are with respect to and concerning FRA's

---

[61] Contracts at Enforcement.

[62] *Id.*

[63] *Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd.*, 325 P.3d 70, 82 (Utah 2014) (holding that the scope of a contractual forum selection clause encompassed contract and tort claims).

[64] Contracts at Enforcement.

[65] *Merriam-Webster's Collegiate Dictionary* 1047 (11th ed. 2003).

[66] *Id.* at 257, 1061.

[67] Contracts at Enforcement.

[68] *Energy Claims Ltd.*, 325 P.3d at 82.

[69] Amended Complaint ¶¶ 38–73.

obligations under the parties' contracts to service Global's member accounts, and to transfer to Global the funds associated with membership dues.[70] Specifically, Global alleged different legal theories of liability relating to FRA's retention of Global's member account data and the funds it collected in membership dues following the contracts' termination and L.A. Fitness's acquisition of Global's gyms.[71] Therefore, Global's claims and FRA's defenses to these claims are "with regard to" the parties' contracts.

FRA's counterclaims against Global included breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and negligent misrepresentation.[72] The allegations in each of these counterclaims are with respect to and concerning Global's obligations under the parties' contracts to provide proper and timely notice when terminating the contracts, and to compensate FRA for its services, expenses, and fees.[73] Specifically, FRA alleged different legal theories of liability relating to Global's termination of the contracts and the monies FRA was entitled upon the contracts' termination.[74] Therefore, FRA's counterclaims and Global's defenses to these counterclaims are "with regard to" the parties' contracts.

All the parties' claims and defenses in this case are "with regard to" the parties' contracts. Whether the terms "legal action or the defense thereof" in the attorney's fees provision of the parties' contracts[75] refer to the entire case or a single claim or cause of action is therefore of no consequence. Nevertheless, if the terms "legal action and the defense thereof" are read in context

---

[70] Contracts at Contractor's Duties.

[71] Amended Complaint ¶¶ 38–73.

[72] Amended Counterclaim at 32–37, ¶¶ 71–110.

[73] Contracts at Engagement and Fee, Warranty and Indemnity, Term, Extra Payment, Notice.

[74] Amended Counterclaim at 32–37, ¶¶ 71–110.

[75] Contracts at Enforcement.

with the broad terms "any" and "with regard to," the scope of the attorney's fees provision requires consideration of the entire case in determining the "successful party."[76]

Accordingly, all the parties' claims and defenses fall within the scope of the attorney's fees provision in the parties' contracts and must be considered in when determining the "successful party."

### Because neither party is the "successful party" in the case, neither party is entitled to an award of attorney's fees and expenses under the parties' contracts

The attorney's fees provision in the parties' contracts authorizes an award of attorney's fees and expenses "[i]n the event that either party hereto is successful in any legal action or the defense thereof with regard to [the contracts.]"[77]

"Utah appellate courts have routinely used the terms 'successful party' and 'prevailing party' interchangeably."[78] "Likewise, *Black's Law Dictionary* treats the terms 'successful party' and 'prevailing party' as synonyms."[79] "Determining the prevailing party is often an imprecise process."[80] "The determination of a 'prevailing party' becomes even more complicated in cases involving multiple claims and parties … and where the ultimate award of money damages does not adequately represent the actual success of the parties under the peculiar posture of the case."[81] Therefore, Utah appellate courts "have developed a 'flexible and reasoned approach' for determining which party has emerged the 'comparative winner.'"[82]

---

[76] *Id*.

[77] *Id*.

[78] *A.K. & R. Whipple Plumbing and Heating v. Guy*, 94 P.3d 270, 275 (Utah 2004).

[79] *Id*. (citing *Black's Law Dictionary* 1145 (7th ed. 1999)).

[80] *Olsen v. Lund*, 246 P.3d 521, 523 (Utah Ct. App. 2010).

[81] *A.K. & R. Whipple Plumbing and Heating*, 94 P.3d at 273 (internal quotations omitted).

[82] *Olsen*, 246 P.3d at 523 (quoting *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 557–58 (Utah Ct. App. 1989)).

This flexible and reasoned approach "begins by identifying 'the party in whose favor the 'net' judgment is entered.'"[83] However, the Utah Supreme Court has "stressed the importance of not ignoring common sense when deciding which party prevailed."[84] While "[t]he 'net judgment rule' will usually be 'at least a good starting point,' . . . it should not be 'mechanically applied.'"[85] Rather, the flexible and reasoned approach "requires not only consideration of the significance of the net judgment in the case, but also look[s] at the amounts actually sought and then balance[es] them proportionally with what was recovered."[86] "Consequently, 'a party that makes an outrageous claim and then receives only a fraction of what it demanded'—though the net judgment winner—'will not likely be deemed the successful party.'"[87]

The focus of the flexible and reasoned approach is on "which party ha[s] attained a 'comparative victory,' considering what a total victory would have meant for each party and what a true draw would look like."[88] Therefore, a number of factors must be considered.[89] "These factors include the language of the contract . . . that forms the basis for the attorney['s] fees award, the number of claims brought by the parties, the importance of each of the claims relative to the entire litigation, and the amounts awarded on each claim."[90]

"Employing these factors as a tool for analyzing which party has prevailed permits a case-by-case evaluation by the trial court, and flexibility to handle circumstances where both, *or*

---

[83] *Id*. (quoting *Mountain States Broad. Co.*, 783 P.2d at 556).

[84] *Neff v. Neff*, 247 P.3d 380, 399 (Utah 2011).

[85] *Olsen*, 246 P.3d at 523 (quoting *Mountain States Broad. Co.*, 783 P.2d at 557).

[86] *A.K. & R. Whipple Plumbing and Heating*, 94 P.3d at 277 (internal quotations omitted).

[87] *Olsen*, 246 P.3d at 523 (quoting *J. Pochynok Co., Inc. v. Smedsrud*, 116 P.3d 353, 359 (Utah 2005)).

[88] *Id*. (quoting *J. Pochynok Co., Inc.*, 116 P.3d at 356).

[89] *Neff v. Neff*, 247 P.3d 380, 398 (Utah 2011).

[90] *Id*.

*neither*, parties may be considered to have prevailed."[91] "Accordingly, it is possible that, in litigation where both parties obtain mixed results, neither party should be deemed to have prevailed for purposes of awarding attorney['s] fees."[92] "This is true even where [the contractual] language states that the prevailing party 'shall be entitled to' fees."[93]

Global received a net judgment in this case in the amount of $163,660.01.[94] However, this does not mean that Global is the "successful party" in the case. The plain language of the attorney's fee provision in the parties' contracts confirms that while the "successful party" is entitled to an award of attorney's fees and expenses, the use of the terms "[i]n the event that either party hereto is successful" expresses the possibility that neither party will be determined the "successful party."[95] Moreover, the plain language of the attorney's fees provision confirms that all the parties' claims and defenses must be considered in when determining the "successful party."[96]

**Global's relative success**

Global asserted five claims against FRA: tortious interference; promissory estoppel; conversion; breach of contract; and breach of the implied covenant of good faith and fair dealing.[97] Each of these claims related to the two central issues Global raised in the litigation, *i.e.*, withheld member account data and withheld funds collected in membership dues.[98] And the

---

[91] *Id.* (internal quotations omitted; emphasis in original).

[92] *Id.*

[93] *Id.* at 398–99.

[94] Amended Judgment.

[95] Contracts at Enforcement.

[96] *Supra* at 9–11.

[97] Amended Complaint ¶¶ 38–73.

[98] *Id.*

resolution of these issues and claims had substantial relevance to the parties' respective positions in the litigation as a whole.

Global's tortious interference and promissory estoppel claims, and the portion of its conversion claim relating to withheld member account data, sought liquidated and consequential damages in an amount not less than $9,695,459 plus prejudgment interest.[99] Global also sought punitive damages on its tortious interference and promissory estoppel claims.[100] The portion of Global's conversion claim relating to withheld funds collected in membership dues, and its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, sought liquidated damages in an amount not less than $466,481.78 plus prejudgment interest.[101] In total, Global's claims sought $10,161,940.78 in liquidated and consequential damages against FRA,[102] plus prejudgment interest and punitive damages.

Global's claims were all resolved prior to trial. Global's claims for tortious interference, promissory estoppel, conversion, and breach of the implied covenant of good faith and fair dealing were dismissed on summary judgment.[103] The portion of Global's breach of contract claim relating to withheld member account data was voluntarily dismissed.[104] And the parties stipulated that Global was entitled to $456,226.23 in damages as of April 30, 2015, on the

---

[99] Plaintiff's Second Supplemental Rule 26(a)(1) Initial Disclosures ("Global's Disclosures") at 7–8, ¶¶ 4–6, docket no. 401-3, filed Nov. 11, 2015. This amount was calculated by taking the difference between what L.A. Fitness's purchase price of Global's gyms would have been on October 15, 2012, and what the purchase price was on October 25, 2012. *Id.*

[100] Amended Complaint ¶¶ 79–80.

[101] Global's Disclosures at 5–6, ¶¶ 1–3.

[102] $9,695,459 + $466,481.78 = $10,161,940.78.

[103] Order on [106] Motion; Order on [108] Motion; Order on [111] Motion at 26–29; Order on [113] Motion at 13; Order on [120] Motion.

[104] Order on [132] Motion.

portion of Global's breach of contract claim relating to withheld funds collected in membership dues.[105]

Therefore, Global was awarded damages on only a portion of one of its claims. The stipulated amount of damages is approximately 98% of the total amount that Global sought on the claim,[106] and approximately 4% of the total liquidated and consequential damages sought on all its claims.[107] After accounting for stipulated reductions to the amount of Global's damages, and offsetting that amount by the amount of damages awarded to FRA, Global received a net judgment in the amount of $163,660.01.[108] Global's net judgment is approximately 2% of the total liquidated and consequential damages it sought on all its claims.[109]

**FRA's relative success**

FRA asserted five counterclaims against Global: breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; fraud; and negligent misrepresentation.[110] Each of these counterclaims related to the central issues FRA raised in the litigation, *i.e.*, Global's termination of the parties' contracts and the money FRA was entitled upon the contracts' termination.[111] And the resolution of these issues and counterclaims had substantial relevance to the parties' respective positions in the litigation as a whole.

---

[105] Stipulation Regarding Damages at 3. The parties further agreed that this amount would decrease by $199 per month due to a service fee for Global maintaining access to FRA's software. *Id.* When judgment was entered, the total amount of damages awarded to Global, before any offset for FRA's damages, was $455,231.23. Order Granting [382] Motion at 2.

[106] $456,226.23 / $466,481.78 = 0.978.

[107] $456,226.23 / $10,161,940.78 = 0.044.

[108] Order Granting [382] Motion; Amended Judgment.

[109] $163,660.01 / $10,161,940.78 = 0.016

[110] Amended Counterclaim at 32–37, ¶¶ 71–110.

[111] *Id.*

FRA initially sought damages in the amount of $4,599,125.04 plus prejudgment interest on its breach of contract counterclaim.[112] However, FRA later reduced this amount to $3,675,285.45.[113] On its unjust enrichment counterclaim, FRA sought damages in the amount of $185,400.[114] And FRA did not identify the precise amount of damages it sought in relation to its breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation counterclaims, but the damages it sought included amounts separate from the damages amounts identified in relation to its other claims, *i.e.*, damages related to Global's expedited request for information and punitive damages.[115] In total, FRA's counterclaims initially sought $4,784,525.04 in damages,[116] plus other unidentified damages amounts, prejudgment interest, and punitive damages. The total identified amount of damages was later reduced by FRA to $3,860,685.45.[117]

Each of FRA's counterclaims were resolved prior to trial, except for a portion of FRA's breach of contract counterclaim. FRA's breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and negligent misrepresentation counterclaims were dismissed by stipulation of the parties.[118] The parties also agreed that FRA was entitled to $2,954.84 in damages for one day of service due to Global's early termination and $7,500 under the term

---

[112] *Id*. at ¶ 79

[113] Federal Recovery Acceptance, Inc. and Federal Recovery Services, Inc.'s Third Supplemental Initial Disclosures ("FRA's Third Disclosures") at 2–3, ¶¶ I–II, docket no. 401-4, filed Nov. 11, 2015.

[114] *Id*. at 3, ¶ III.

[115] Amended Counterclaim at 34, 36–37, ¶¶ 86–87, 99, 101–102, 110; Federal Recovery Acceptance, Inc.'s Supplemental Initial Disclosures ("FRA's First Disclosures") at 3, ¶¶ 3, 5, docket no. 422-1, filed Nov. 30, 2015; Federal Recovery Acceptance, Inc.'s and Federal Recovery Services, Inc.'s Second Supplemental Initial Disclosures at 15–16, ¶ 3, docket no. 422-5, filed Nov. 30, 2015.

[116] $4,599,125.04 + $185,400 = $4,784,525.04.

[117] $3,675,285.45 + $185,400 = $3,860,685.45.

[118] Order on [91] Stipulation; Order on [363] Stipulation.

provisions of the parties' 2009 and 2011 contracts.[119] The jury's verdict at trial resulted in an award of $281,116.38 in damages on the remaining portion of FRA's breach of contract counterclaim.[120] The total amount of FRA's damages award was $291,571.22.[121]

Therefore, FRA was awarded damages on only a portion of one its claims. FRA's total damages award is approximately 6% of the total calculable amount that FRA initially sought on its breach of contract counterclaim,[122] and approximately 8% of the reduced calculable amount it sought on the counterclaim.[123] FRA's total damages award is also approximately 6% of the identified amount FRA initially sought on all its counterclaims,[124] and approximately 8% of the reduced amount it sought on all its counterclaims.[125]

**Comparison of the parties' relative success**

Both parties alleged five claims for relief[126] and the resolution of each of these claims had substantial relevance to the parties' respective positions in the litigation as a whole. Both parties were awarded damages on only a portion of their respective breach of contract claims.[127]

---

[119] Stipulation Regarding Damages at 2–3.

[120] Verdict §§ 1:A.1., 1.A.3; Order Granting [382] Motion at 2. ($5.00 x 25,479) + $153,721.38 = $281,116.38.

[121] $2,954.84 + $7,500 + $281,116.38 = $291,571.22.

[122] $291,571.22 / $4,599,125.04 = 0.063.

[123] $291,571.22 / $3,675,285.45 = 0.079.

[124] $291,571.22 / $4,784,525.04 = 0.060.

[125] $291,571.22 / $3,860,685.45 = 0.075.

[126] Amended Complaint ¶¶ 38–73; Amended Counterclaim at 32–37, ¶¶ 71–110.

[127] Stipulation Regarding Damages at 3; Verdict §§ 1:A.1., 1.A.3; Order Granting [382] Motion at 2.

All other claims were dismissed prior to trial—either voluntarily[128] or by stipulation[129] or ruling on dispositive motion[130]—or resulted in no awarded damages at trial.[131]

The fact that the resolution of the parties' claims occurred at different points in the proceedings and by different means is inconsequential to the determination of the "successful party" in the case. "'[G]enuine success'—in the sense that the litigation ultimately proved worthwhile—is not the standard for determining the prevailing party for purposes of a fee award."[132] The "result achieved" is not weighed "against the sacrifice in time, trouble, and expense required to attain that result."[133] In determining the "comparative winner," the comparison is to the other party, not to the toll of the litigation process."[134]

Comparing the results achieved by the parties, the percent of the damages awarded to Global on its breach of contract claim is high in relation to the amount it sought on the claim—approximately 98%.[135] This percentage is far greater than the percent of the damages awarded to FRA on its breach of contract counterclaim—approximately 6%.[136] And Global's damages award resulted in a net judgment in the amount of $163,660.01.[137] This favors Global's argument that it is the "successful party" in the case.

---

[128] Order on [132] Motion.

[129] Stipulation Regarding Damages at 2–3; Order on [91] Stipulation; Order on [363] Stipulation.

[130] Order on [106] Motion; Order on [108] Motion; Order on [111] Motion at 26–29; Order on [113] Motion at 13; Order on [120] Motion.

[131] Verdict §§ 1.A.2., 1:B.5., 1:C.7, 1:b.9.

[132] *Olsen*, 246 P.3d at 524.

[133] *Id*.

[134] *Id*.

[135] *Supra* at 14–16.

[136] *Id*. at 16–18.

[137] Order Granting [382] Motion; Amended Judgment.

However, the total amount of liquidated and consequential damages sought by Global in the case—$10,161,940.78[138]—is over twice the total amount of identified damages sought by FRA—$4,784,525.04 initially, later reduced to $3,860,685.45.[139] Moreover, the percent of damages awarded to Global in relation to the total amount of liquidated and consequential damages it sought is very low—approximately 4%.[140] Global's net judgment is only approximately 2% of the total amount of liquidated and consequential damages it sought.[141] While the percentage of damages awarded to FRA in relation to the total amount of identified damages it sought is also very low—approximately 8%[142]—it is double the percentage Global received. This favors FRA's argument that it is the "successful party" in the case. Nevertheless, FRA's percentage is skewed upward because it does not account for the unidentified damages amounts on FRA's breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation counterclaims.[143]

Under these circumstances, and considering the language of the attorney's fees provision in the parties' contracts, the number of claims brought by each party, the importance of each claim relative to the entire litigation, and the amounts awarded on each claim, neither party is the "comparative winner."[144] The parties alleged the same number of claims and were each awarded damages on only a portion of one of their claims. The amount of damages awarded to Global is higher than that of FRA, but Global sought greater amount of damages than FRA. And the

---

[138] *Supra* at 14–16.

[139] *Id*. at 16–18.

[140] *Id*. at 14–16.

[141] *Id*.

[142] *Id*. at 16–18.

[143] *Id*.

[144] *Olsen*, 246 P.3d at 524.

amount of damages awarded to each party in relation to the amount of damages they sought is very low. Therefore, neither party is the "successful party" in this case.

Because neither party is the "successful party" in the case, neither party is entitled to an award of attorney's fees and expenses under the attorney's fees provision in their contracts. Additionally, because neither party is the "successful party" in the case, the attorney's fees provision in their contracts does not apply to the parties' respective offers for settlement. Moreover, because the terms "successful party" are synonymous with the terms "prevailing party,"[145] and neither party is the "successful party," neither party is entitled to an award of taxable costs under Rule 54(d) of the Federal Rules of Civil Procedure.[146] No attorney's fees, expenses, or taxable costs are awarded to either party.

### Global is entitled to prejudgment interest on its net judgment

"[T]he purpose of awarding prejudgment interest is to compensate a party for the depreciating value of the amount owed over time and, as a corollary, to deter parties from intentionally withholding an amount that is liquidated and owing."[147] Under Utah law, "[p]rejudgment interest may be recovered where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures."[148] In other words, "[p]rejudgment interest is appropriate when the loss has been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages."[149] In the context of contract damages, Utah appellate court

---

[145] *A.K. & R. Whipple Plumbing and Heating*, 94 P.3d at 275.

[146] Fed. R. Civ. P. 54(d) (permitting an award of taxable costs to the "prevailing party").

[147] *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 210 P.3d 263, 275 (Utah 2009) (internal quotations omitted).

[148] *Id*. at 272 (internal quotations omitted).

[149] *Id*. (internal quotations and punctuation omitted).

have held that "prejudment interest is appropriate in cases where the 'amount due under [a] contract was ascertainable by calculation and it was only the method to be used in making the calculation that was uncertain."[150]

Global asserts that the contract damages it was awarded were liquidated and the amount was ascertainable throughout the proceedings.[151] Specifically, Global asserts that on October 25, 2012, FRA had withheld $503,649.58 of its funds; by January 7, 2013, the amount had decreased to $471,650.39, by June 10, 2015, the amount had decreased to $456,226.23, and by October 20, 2015, the amount had decreased to $455,231.23.[152] Therefore, Global argues that it is entitled to prejudgment interest in the amount of $156,339.91.[153]

FRA, on the other hand, argues that if Global is entitled to prejudgment interest, it should only be calculated using the amount of Global's net judgment—$163,660.01.[154] FRA asserts that because it was awarded $281,116.38 in contract damages that were liquidated as of the termination of the parties' contracts on October 25, 2012, it is entitled to prejudgment interest on its damages.[155] Therefore, FRA maintains that the prejudgment interest it is entitled to offsets any prejudgment interest Global is entitled to for its contract damages, leaving only prejudgment interest on Global's net judgment.[156]

Global is correct in that it is entitled to prejudgment interest on the entire amount of contract damages it was awarded before any offset for the damages awarded to FRA. However,

---

[150] *Id*. at 273 (quoting *Jack B. Parson Constr. Co. v. State*, 552 P.2d 107, 109 (Utah 1976)).

[151] Global's Motion at 26–27; Global's Reply at 13–14.

[152] Global's Reply at 14.

[153] Global's Motion at 26–27; Global's Reply at 13–14. Global did not show the calculations it used to reach the $156,339.91 amount of prejudgment interest it argues entitlement to.

[154] FRA's Response at 29–30.

[155] *Id*.

[156] *Id*.

FRA is also correct in that it is entitled to prejudgment interest on the entire amount of contract damages it was awarded. Both parties' contract damages represent losses fixed as of a definite time and their amounts are calculable with mathematical accuracy.[157]

Because both parties' contract damages result in an entitlement to prejudgment interest, the equitable doctrine of setoff requires that "'the demands of mutually indebted parties be set off against each other and that only the balance be recovered in a judicial proceeding by one party against [the other].'"[158] Therefore, just as with the calculation that lead to the amount of Global's net judgment,[159] an amount of net prejudgment interest must be determined by setting off the total amounts of prejudgment interest each party is entitled to for their respective contract damages.

However, because both parties' contract damages are fixed as of the same time—October 25, 2012, when Global terminated the parties' contracts—and because prejudgment interest is simple interest, as opposed to compound interest,[160] the calculation of the net prejudgment interest is appropriately made by simply using the amount of Global's net judgment—$163,660.01. Therefore, Global is entitled to prejudgment interest at the rate of 10% per annum[161] on its net judgment—$163,660.01—from October 25, 2012.

## ORDER

IT IS HEREBY ORDERED that:

---

[157] *Encon Utah, LLC*, 210 P.3d at 272.

[158] *Bichler v. DEI Sys., Inc.*, 220 P.3d 1203, 1207 (Utah 2009) (quoting 20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff* § 6 (2008)).

[159] Order Granting [382] Motion; Amended Judgment.

[160] Utah Code Ann. § 15–1–1(2); *see also City of Hildale v. Cooke*, 28 P.3d 697, 707–708 (Utah 2001).

[161] Utah Code Ann. § 15–1–1(2).

(1)    Global's Motion for Attorney's Fees[162] and Renewed Motion for Attorney's Fees[163] are DENIED as to Global's request for an award of attorney's fees and expenses.

(2)    Global's Motion for Attorney's Fees[164] and Renewed Motion for Attorney's Fees[165] are GRANTED as to Global's request for prejudgment interest, but only as to Global's net judgment—$163,660.01—at a rate of 10% per annum from October 25, 2012.

(3)    FRA's Motion for Attorney's Fees[166] is DENIED.

(4)    By no later than August 25, 2017, the parties shall meet, confer, and jointly file a motion identifying the amount of prejudgment interest on Global's net judgment—$163,660.01—from October 25, 2012.

(5)    Following the filing of the parties' joint motion, an amended judgment incorporating the amount of prejudgment interest will enter.

Signed August 4, 2017.

BY THE COURT

District Judge David Nuffer

---

[162] Docket no. 385, filed Nov. 3, 2015.

[163] Docket no. 416, filed Nov. 24, 2015.

[164] Docket no. 385, filed Nov. 3, 2015.

[165] Docket no. 416, filed Nov. 24, 2015.

[166] Docket no. 401, filed Nov. 11, 2015.